IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 3:18-CR-0042-MHL-1 |
| | ) |
| KALI ROSE POVOST, | ) |
| | ) |
| Defendant | ) |

POSITION OF THE UNITED STATES
WITH RESPECT TO DEFENDANT'S SENTENCING FACTORS

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Olivia L. Norman, Assistant United States Attorney, hereby submits its position with respect to defendant's sentencing factors.

The government has no objections or corrections to the Presentence Report or the calculation of the advisory guideline range. The probation officer has calculated the total offense level to be 8 (PSR ¶¶ 36, 89) and has calculated defendant's criminal history category to be I (PSR ¶¶ 40, 90), which result in an advisory guideline range of 0 to 6 months, with a statutory maximum term of 20 years imprisonment.

The government submits that the recommended sentence of 10 years of imprisonment is sufficient, but not greater than necessary, to meet the goals of sentencing given the circumstances of this case.

A.     <u>A Sentence of 10 Years is Sufficient, But Not Greater than Necessary to Meet the Goals of Sentencing set forth in 18 U.S.C. §3553</u>

When sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a) (2005). *See United*

*States v. Hughes,* 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training; medical care; or other correctional treatment, in the most effective manner.

18 U.S.C. § 3553(a). The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

### 1. Seriousness of the Offense

In the present case, the defendant was addicted to opiate drugs and to support her habit the defendant would trade, sell and barter the prescription opiates she received through a valid prescription to obtain stronger or greater quantities of opiates. In the afternoon of September 6, 2017, the defendant obtained two prescriptions for opiates: 90 30mg Oxymorphone pills and 45 20mg Oxycodone pills. Later that evening, after filling her prescriptions, the defendant sent a text message to John Hile, asking Hile if he wanted to buy some pills or knew someone who did. The defendant met Hile through her brothers in the past and had recently run into him at a local convenience store. The two exchanged numbers and the defendant had texted her, just trying to get acquainted. Hile sent the defendant his address and the defendant went to Hile's house that evening. Hile was home with his roommate drinking beer. At some point, Hile and the defendant went into the kitchen alone. A little while later, Hile came out of the kitchen "high as a kite." The defendant left and Hile went to bed. Not long after, Hile's roommate checked on

Hile and found that he was not breathing. Analysis of Hile's blood showed that he died of a lethal dose of Oxymorphone. The defendant distributed the Oxymorphone to Hile that resulted in Hile's death.

Under 21 U.S.C. § 841(b)(1)(C), where a distribution results in death (and is so charged), the penalty is a minimum mandatory sentence of 20 years and a maximum sentence of life imprisonment. Section 2D1.1(a)(2) of the U.S. Sentencing Guidelines provides that if the offense of conviction established that death or serious bodily injury resulted, then the base offense level is 38. Even with a Criminal History Category I and timely acceptance of responsibility, the resulting guideline range would be 168 to 210 months (14 to 17.5 years). These provisions demonstrate the seriousness of illegally distributing a Schedule II controlled substance that results in death.

Rather than charging a count that would require the defendant received at least a 20-year sentence, the parties agreed not to charge the "resulting in death" and to jointly recommend a sentence of 10 years imprisonment to the Court. As set forth in the plea agreement, this joint recommendation constituted a compromise between the 20-year required sentence if John Hile's death were charged, and the 0-6 month guideline range if Hile's death were not charged.

The taking of life through an illegal act, in and of itself, justifies a 20-year sentence. However, the 20-year minimum mandatory sentence would not take into account the individual characteristics of this defendant. Given those individual characteristics, as discussed more fully below, the defendant's distribution resulting in John Hile's death is a serious offense that requires a 10 year sentence as jointly recommended by the parties.

2. <u>Need to Deter Future Criminal Conduct</u>

The defendant has no prior criminal history, although she engaged in the criminal distribution of her own prescription pills for at least 6 months prior to John Hile's death. Although she was concerned about being cut-off by her doctor as evidenced by her text messages, the threat of the police arresting her and a substantial prison sentence did not deter this defendant from selling and giving her pills to others. The very real threat of killing others either through her use of strong opiates while operating a tractor-trailer or driving a car did not deter this defendant. The very real possibility of creating new opiate addicts did not deter this defendant. A 10-year sentence will deter this defendant and others who think nothing of sharing their strong, prescription opiates with their friends, for fear of receiving a 10-year or higher sentence.

3. <u>Need to Protect the Public from the Defendant's Future Criminal Conduct</u>

A sentence needs, among other things, to protect the public from the defendant's future criminal conduct. A sentence of 10 years imprisonment would protect the public from defendant's crimes at least while she is incarcerated and might even deter the defendant from resuming illegal activities upon her release, for fear of a greater sentence if ever convicted again. A sentence of 10 years is necessary to accomplish this goal.

4. <u>Need to Provide Needed Treatment to Defendant</u>

The defendant has a substantial medical history and a history of substance abuse. She would greatly benefit from continued medical treatment and substance abuse counseling and treatment. The defendant would benefit from educational and vocational classes and training as well. Any sentence imposed in this case should include a recommendation for medical and mental health care, substance abuse counseling and treatment, and educational opportunities.

     5.     Need to Avoid Unwarranted Disparities

A sentence of 10 years takes into account the seriousness of defendant's crime, the circumstances of this isolated even, the tragic death of John Hile as a result of this crime and defendant's lack of prior criminal history. A sentence of 10 years would ensure that there was no unwarranted disparity between this defendant's sentence and the sentence of a similarly situated defendant under the same or very similar circumstances.

## CONCLUSION

A sentence of 10-years as jointly recommended by the parties is necessary to achieve the goals of sentencing, as set forth in 18 U.S.C. § 3553(a), without being greater than necessary to do so. Accordingly, the government respectfully requests that the Court impose a sentence of 10 years' imprisonment.

    Respectfully submitted,

    G. ZACHARY TERWILLIGER
    UNITED STATES ATTORNEY

By: \_\_\_\_/s/_____
    Olivia L. Norman
    V.S.B. No. 31418
    Assistant United States Attorney
    Office of the United States Attorney
    919 E. Main Street, Suite 1900
    Richmond, Virginia 23219
    (804) 819-5475
    (804) 771-2316 (facsimile)
    Olivia.L.Norman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Counsel of Record.

                                        /s/
                                        Olivia L. Norman
                                        Assistant United States Attorney
                                        Office of the United States Attorney
                                        919 E. Main Street, Suite 1900
                                        Richmond, Virginia 23219
                                        (804) 819-5475
                                        (804) 771-2316 (facsimile)
                                        Olivia.L.Norman@usdoj.gov